**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| *In re Subpoena to*<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>    *Respondent,*<br><br>    *v.*<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br><br>    *Movants.* | Civil Case No. 3:23-mc-51<br><br>_____ |
| IEP TECHNOLOGIES, LLC,<br><br>    *Plaintiff / Counter-Defendant,*<br><br>    *v.*<br><br>KPM ANALYTICS, *et al.*,<br><br>    *Defendants / Counter-Claimants.* | Civil Action No.<br>1:21-cv-10417-RWZ<br>(D. Mass.) |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO COMPEL PRODUCTION IN RESPONSE TO FOREIGN SUBPOENA**

Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), KPM Analytics, Incorporated and KPM Analytics North America Corporation ("KPM") bring this miscellaneous action and move the Court, on an emergency basis, for an order to compel the production of documents and things from Respondent Charter Communications, Inc. ("Charter"). Pursuant to D. Conn. L. Civ. R. 7(a)(6), good cause exists for the Court's consideration of this motion on an emergency basis in light of the prompt service of the subpoena at issue a mere two days after fact discovery re-opened in the underlying litigation on April 25, 2023 and the close of fact discovery on June 30, 2023, as further addressed herein.

## I.       THE UNDERLYING LITIGATION

The subpoena at issue here, attached at Exhibit A[1], has been served by KPM as part of discovery in the underlying matter of *IEP Technologies, LLC v. KPM Analytics, et al.*, No. 1:21-cv-10417-RWZ, pending in the District of Massachusetts. While no party to the underlying litigation, *nor Charter here*, have contested the relevance of the requested discovery, KPM provides the following background.

In the underlying litigation, KPM has alleged in its amended counterclaims that a Declaration of Use and Incontestability submitted by IEP—the Plaintiff in the underlying action—to the U.S. Patent & Trademark Office ("USPTO") related to the maintenance of U.S. Trademark Registration No. 4,648,573 ("the '573 Registration") contains statements that are false. *IEP v. KPM*, Doc. 38, ¶¶ 28–47. KPM also alleges that the declaration submitted to the USPTO was not signed by the named declarant, IEP's President, but instead was forged, thereby rendering it void. *See id.* Accordingly, KPM seeks cancellation of the '573 Registration on the basis of fraud on the U.S. Patent & Trademark Office. *Id.*, Doc. 38, ¶¶ 69–75.

As part of discovery relevant to this counterclaim, KPM served a document subpoena on the USPTO to obtain electronic records related to the filing of the foregoing forged declaration. Docs. 61-6; 61-7. The documents produced by the USPTO reveal a specific IP address for the signatory of the forged declaration. *Id.*, Doc. 96-8, ¶ 17. KPM's computer forensics expert has testified that the actual user of the IP address is located somewhere in Connecticut (which is where Plaintiff's law firm that prosecuted the trademark application before the USPTO resulting in the '573 Registration is located) versus Massachusetts (where Plaintiff, IEP is located). Doc. 96-8 ¶

---

[1] All exhibits are authenticated by the attached Declaration of Charles M. Landrum III, counsel to KPM.

20. KPM's computer forensics expert also testified that the IP address in question is owned by Charter Communications, Inc. *Id.* at ¶ 19.

For these reasons, KPM served the subpoena at issue on Charter Communications on April 27, 2023—only two days after the District Court of Massachusetts reopened discovery for an abbreviated period until June 30, 2023. *See IEP v. KPM*, Doc. 42 (Apr. 25, 2022). The subpoena directed Charter to produce documents fourteen days later, or by May 11, 2023. Exhibit A.

KPM needs the information sought in the subpoena because it will identify the physical address in Connecticut corresponding to the IP address provided by the USPTO, which is expected to confirm that the declaration at issue was forged by someone other than the named declarant, who resides in Massachusetts, when it was fraudulently submitted to the USPTO.

## II.     PROCEDURAL HISTORY OF THE SUBPOENA

On April 27, 2023, as noted above, KPM served the subpoena at issue on Charter. On May 8, 2023, Charter responded by sending an email from John P. Koziatek. A true and accurate copy of the email is attached hereto at Exhibit B. Attached to Mr. Koziatek's email were the following:

a.   A copy of the subpoena as served on Charter, referenced above as Exhibit A;

b.   A letter from Charter Communications, attached hereto at Exhibit C; and,

c.   An invoice for $100 for Charter's (non-)compliance, attached hereto at Exhibit D.

In the letter, although the letter contains no objections to the specific requests in the subpoena, Mr. Koziak writes, "Charter will not comply with requests for these business records *absent a compulsion*." Exh. C (emphasis added).  He specifically claimed that the subpoena was not "a court order."  *Id.* The deadline for Charter to produce documents was May 11, 2023. To date, Charter has produced no documents responsive to the subpoena.

On May 15, 2023, counsel for KPM sent a letter to Charter, advising it of its obligations to produce documents responsive to the subpoena. A true and accurate copy of the letter is attached

hereto at Exhibit E. On May 16, 2023, counsel for KPM sent a subsequent letter to Charter, enclosing a check for $100 in response to the invoice, despite having no obligation to do so. A true and accurate copy of the letter is attached hereto at Exhibit F.

## III.   ARGUMENT

Charter has no basis to refuse to comply with the subpoena, and the Court should order it to do so. A subpoena is a court order. *See Waste Conversion, Inc. v. Rollins Envtl. Servs., Inc.*, 893 F.2d 605, 613 (3d Cir. 1990) ("I doubt that there is any lawyer in the United States who does not know that a subpoena is a court order and remains such until vacated or discharged by the court."). Indeed, a "subpoena is a court order—not merely a demand of a party to litigation… ." *U.S. v. Grooms*, 6 F. App'x 377, 381 (7th Cir. 2001).

More specifically, under Rule 45(a), "a party can obtain a subpoena for the production of documents and the deposition of a non-party." *Palmer v. Ellsworth*, No. 93-35406, 1993 U.S. App. LEXIS 31933, at *15, 73 A.F.T.R.2d (RIA) 1994-567 (9th Cir. Dec. 1, 1993). Under Rule 45(c)(2)(B), "a person objecting to such a subpoena must do so in writing within fourteen days of service." *Id.* Thus, absent a written objection filed with the Court, "a subpoena is a court order" with which the subpoenaed party must comply. *Id.* (citation omitted).

In *Martin v. St. Hill Dodson*, the court explained the process as follows:

A subpoena is a *court order* that requires the recipient to provide specified information. In the absence of a successful motion to quash, or the issuing party's decision to withdraw the subpoena, an order compelling compliance is essentially redundant—it does nothing to change the rights or responsibilities of any person.

While a party who fails to comply with a subpoena may be able to escape contempt sanctions by producing the requested information, *no court order is needed to impose on the subpoena recipient an obligation to produce that information*.

As a result, a motion to compel compliance with a subpoena is usually moot by definition.

No. 08-CV-1311 (NG) (JO), 2009 U.S. Dist. LEXIS 131030, at *2–3 n.1 (E.D.N.Y. Apr. 28, 2009) (emphasis added); *see also In re Gushlak*, No. 11-MC-0218 (NGG) (JO), 2012 U.S. Dist. LEXIS 60349, at *10–11 (E.D.N.Y. Jan. 30, 2012) ("Those subpoenas are themselves court orders separate and apart from the Orders now under review in the appellate court… .") (*citing Martin*, 2009 U.S. Dist. LEXIS 131030, 2009 WL 1161009, at *1 n.1).

Indeed, Charter itself already knows subpoenas are court orders because it has argued to the Eighth Circuit that subpoenas are orders of the court. In *Recording Indus. Ass'n v. Charter Communs., Inc. (In re Charter Communs., Inc.)*, Charter argued that "a judicial subpoena is a court order that must be supported by a case or controversy at the time of its issuance and no case or controversy existed [in that case]." 393 F.3d 771, 775 (8th Cir. 2005). Notably, the Court agreed with Charter. Id. at 778. Thus, Charter's demand here for a "court order" other than the subpoena is disingenuous and in bad faith. KPM explained all of this Charter in its letter attached as Exhibit E.  But Charter still refused to produce responsive documents.

Therefore, KPM moves the Court for an emergency order requiring production of all documents in Charter's possession, custody or control responsive to the subpoena so that the parties can complete discovery in the abbreviated time period set by the Court in the underlying case.

Respectfully submitted,

KPM ANALYTICS, INCORPORATED
F/K/A STATERA ANALYTICS,
INCORPORATED AND KPM
ANALYTICS NORTH AMERICA
CORPORATION F/K/A PROCESS
SENSORS CORPORATION,

By their attorneys,

*/s/ Aaron D. Rosenberg*
Aaron D. Rosenberg (ct29518)
SHEEHAN PHINNEY BASS & GREEN, PA
28 State Street, 22nd Floor
Boston, MA 02109
(617) 897-5600
arosenberg@sheehan.com

Charles M. Landrum, III
(motion for *pro hac vice* admission to
be filed)
*c.landrum@thip.law*
THOMAS | HORSTEMEYER LLP
3200 Windy Hill Rd SE Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

Dated: May 23, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2023, the foregoing document was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record. I further served the foregoing document by email on counsel to IEP Technologies, LLC, by first class mail on Charter Communications, Inc.'s registered agent, Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103, and on the following individuals per Charter Communications, Inc.'s instructions in its letter of May 8, 2023:

*C-John.Koziatek@charter.com*
*leroc@charter.com*

*/s/ Aaron D. Rosenberg*

Aaron D. Rosenberg