# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| *In re Subpoena to*<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>*Respondent,*<br><br>*v.*<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br><br>*Movant.* | Miscellaneous Action No.<br><br>_____ |
| IEP TECHNOLOGIES, LLC,<br><br>*Plaintiff / Counter-Defendant,*<br><br>*v.*<br><br>KPM ANALYTICS, *et al.*,<br><br>*Defendants / Counter-Claimants.* | Civil Action No.<br>1:21-cv-10417-RWZ<br>(D. Mass.) |

## EXHIBIT C



May 8, 2023

Charles Landrum

3200 Windy Hill Road SE, Ste 1600E
Atlanta, GA 30339
**Re:** Charter Subscriber Information Request
**Charter Case ID:** 225821
**Your Reference ID:** 21-cv-10417-RWZ

Dear Charles Landrum,

Charter Communications Operating, Inc., ("Charter") acknowledges receipt of the above referenced subpoena for subscriber information. Please note that a cable operator, such as Charter, must protect its subscribers' privacy in compliance with Section 631 of the Communications Act of 1934 (codified at 47 U.S.C. § 551), pursuant to which Charter may not provide subscriber information to a third party without first ensuring compliance with the requirements of Section 631(c). This section requires written subscriber consent before their information can be disclosed to third parties. Because there is no written consent from the subscriber, Charter must determine if one of the exceptions in Section 631(c)(2) has been met before making any disclosure. The exception applicable here is in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any information could be made. Since a court order has not been issued in this case, Charter cannot disclose the information you requested to you under this exception.

Attached to this letter you will find an example court Order. If you obtain a court Order on this template and signed by a judge, Charter will comply with the court Order. Please be aware that Charter will need sufficient time prior to disclosure to process and provide our customer with notice of the court order as required by Section (c)(2)(B) of the Act.

Please note that certain records maintained by Charter regarding a customer account are not considered to be personally identifiable information, or subscriber list information. Any signed authorization for release of account records will only apply to records that are strictly defined as Personally Identifiable Information. Charter will not comply with requests for these business records absent a compulsion.

If you intend to obtain a court order or subscriber consent, please send the documents by email to leroc@charter.com within thirty (30) days of this letter. In any correspondence, please reference the Charter case number that is printed above.

Charter will take no further action on your request until we receive a written response from your office supplying the missing information. We understand this satisfies Charter's obligations in this regard.

Charter's billing and customer records from which the above information is obtained are subject to human error and Charter cannot always guarantee the accuracy of such records. You should not rely solely on this information and should always independently corroborate the information Charter provides with other information you have concerning the identity of the individual.

We understand this satisfies Charter's obligations in this regard. If you would like to discuss this matter, please contact me at (314) 552-6302. When calling, please reference Charter case number 225821.

Respectfully,

John P Koziatek, Paralegal
C-John.Koziatek@charter.com
www.charter.com/lea

# SAMPLE

**IN THE_____COURT OF _____**

|  |  |
|---|---|
| *Plaintiffs,*<br><br>*V.*<br><br>*Defendants.* | **No._____** |

**[PROPOSED] ORDER DIRECTING THE PRODUCTION OF RECORDS PURSUANT TO THE FEDERAL COMMUNICATIONS ACT**

**UPON CONSIDERATION** of the [Request/Motion/Stipulation] dated _____, filed by_____ ("Defendant/Plaintiff") seeking the production of records or information that contain or disclose Personally Identifiable Information ("PII") concerning individual subscribers associated with [target identifier and details], that were registered to non-party Charter Communications, Inc. ("Charter"), and the entire record in this proceeding, it is this _____ day of_____, hereby

**ORDERED** , that counsel for [Law Firm's Name] shall provide Charter with a copy of this Order and agree to pay reasonable copying and search costs for producing responsive records and/or information; and it is further

**ORDERED** , that disclosure of the name(s) and address(es) of Charter subscriber(s) ("Subscriber(s)") may be appropriate and necessary for the disposition of this proceeding; and it is further

**ORDERED** , that consistent with 47 U.S.C. § 551(c)(2)(B), Charter shall give notice to any Subscriber who was associated with [target identifier and details], advising any such subscriber that Charter has been ordered to disclose his or her name and address and such disclosure will be required by this Court's Order unless such Subscriber responds or objects no later than fourteen (14) days from the date that notice is provided; and it is further

**ORDERED** , that Charter advise the Plaintiff of the date the Subscriber(s) were notified and further whether any Subscriber has responded or indicated an intention to oppose disclosure within the fourteen (14) days provided for a response; and it is further

**ORDERED** , that if no response or intention to oppose is filed or served, Charter shall disclose the relevant name(s) and address(es) of the Subscriber(s) within ten (10) days thereafter, however provided that if any of the affected Subscriber(s) files a responsive pleading, opposition, intention to oppose or otherwise challenges disclosure of his or her PII within the allotted time period, Charter will not be required to disclose the requested information unless and until this Court considers and disposes of any such challenge.

Dated this_____day of_____,_____

_____

Hon._____

Judge

## RELEASE OF CUSTOMER ACCOUNT INFORMATION

- Please print clearly. Request may be delayed or denied if unreadable or incomplete.
- This release must be signed <u>and</u> notarized for Charter to release your records. Requests may take <u>up to 30 days</u> to process.
- **Authorization will only be accepted if it is provided by the account holder or an authorized user on the account.**

| | | |
|---|---|---|
| **Full Name of individual signing release** | | |
| **For Commercial Accounts Business Name:** | | Position/ Title of Officer authorizing: |
| **Account Address** | | |
| **Contact Telephone Number** | | |
| **Account Information:** | Charter Account Number | Security Code |
| **Specific Records Requested** (example: call logs for 555-555-5555) | | |
| **Time Period (MM/DD/YY)** | From | To |
| **Charter should send the requested records to:**<br>• If left blank, Charter will mail records to your **service address** only.<br>• E-mail: (will only be used for delivery to an attorney or Law Enforcement Officer) | Name:<br><br>Address:<br><br>Fax:<br><br>Email: | |

I, the above-named subscriber or authorized user, do hereby request that Charter release all account information, specifically the information written above, relating to the indicated Charter account. I hereby waive any rights I or any other accountholder or authorized user may have under any agreement or state or federal law, including Section 631 of the Communications Act of 1934, 47 U.S.C. § 222 and 551, to prohibit the disclosure or restrict the use of information or records so provided.

**DISCLAIMER**: Charter DOES NOT keep or have records for every use of and interaction with its services. The absence of a record for a particular event does not mean that such event did not happen, but rather means that a record of such event was not recorded by our system. Further, some of the information contained in Charter's records is provided by third parties and is subject to error. I acknowledge and understand that Charter's records are subject to human error, technical limitations and record retention policies and that Charter cannot always guarantee the accuracy or completeness of any records provided. Further, note that subscriber authorization can only apply to records strictly defined as Personally Identifiable Information or subscriber list information. Certain records maintained by Charter regarding a customer account are not considered to be personally identifiable information, and will not be provided absent a compulsion.

Dated:_____,20_____

ACKNOWLEDGEMENT    _____  
Signature

State Of_____)

County Of_____)

On this_____day of_____ 20_____, before me, a notary public, the undersigned officer, personally

appeared_____, known to me (or satisfactorily proven) to be the person whose name is subscribed to the

within instrument, and acknowledged that he executed the same for the purposes therein contained.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal.

_____  
Notary Public  
My commission expires:

Please **EMAIL** Completed Release to: **leroc@charter.com** (Preferred Method)  
v.7-2020by

<u>Or</u> Mail Completed Release to:  
Charter Communications, Inc. LEROC  
12405 Powerscourt Drive, Saint Louis, Mssouri 63131