UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| *In re Subpoena to*<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>  *Respondent*,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED, et al.,<br><br>  *Defendants*. | Civil Case No. 3:23-mc-00051-SVN |
| IEP TECHNOLOGIES, LLC,<br><br>  *Plaintiff/Counter-Defendant*,<br><br>v.<br><br>KPM ANALYTICS, INCORPORATED, et al.,<br><br>  *Defendants/Counter-Claimants*. | Civil Case No. 1:21-cv-10417-RWZ<br>(D. Mass.) |

**NON-PARTY DEBRA DUGUID'S RESPONSE AND OBJECTIONS TO THE ORDER ON EMERGENCY MOTION TO COMPEL PRODUCTION IN RESPONSE TO FOREIGN SUBPOENA**

On May 25, 2023, KPM Analytics, Incorporated and KPM Analytics North America Corporation ("KPM") filed this action seeking emergency relief to enforce a subpoena served on Charter Communications, Inc. ("Charter"). Subsequently on May 25, 2023, Charter and KPM entered an agreed upon order whereby Charter would notify the subscriber at the listed IP address and provide an opportunity for the subscriber to file objections to KPM's subpoena. Charter provided notice to Ms. Debra Duguid, the Charter subscriber, that KPM was seeking information pertaining to an IP address associated with her account. Ms. Duguid, offered to stipulate to her address and that she was the subscriber from November 17, 2020, until

1

November 24, 2020, KPM's requested timeframe. Notably, Ms. Duguid could have objected anonymously, but instead was upfront with KPM revealing her identity and address. Nevertheless, and despite Ms. Duguid's stipulation offer, KPM continues its relentless pursuit of her irrelevant personal information causing her undue burden.

**I.      MS. DUGUID HAS STANDING TO OBJECT TO KPM'S SUBPOENA BECAUSE HER PERSONAL INFORMATION IS AT ISSUE.**

On or around May 25, 2023, Charter provided notice to Ms. Duguid that KPM was seeking information relating to a specific IP address. Charter informed Ms. Duguid that she was the subscriber at that IP address, and therefore, that she had an opportunity to object to the production of her personal information by June 9, 2023. As represented by Charter, it was under a statutory obligation to provide such notice. Ms. Duguid, therefore, has standing to object to the release of her personal information. *See Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., Ltd.,* No. 22-MISC-353(RA)(GWG), 2023 WL 163256, at *2 (S.D.N.Y. Jan. 12, 2023) ("Where a movant claims a privacy interest in information subject to a subpoena and the movant has standing."). In particular, the release of Ms. Duguid's personal information risks disclosing her highly confidential personal information including potentially her social security number or other confidential information. "It is well-established that an individual or entity with a real interest in documents sought by a subpoena has standing to raise objections to their production." *Id*. at *1 (internal citations omitted).

**II.     OBJECTIONS TO KPM'S SUBPOENA.**

   **A.    KPM's subpoena requests numbers 1, 2, 4, & 5 are moot.**

Two of KPM's subpoena topics relate to subscriber and location information for the time between November 17, 2020 and November 24, 2020. *See* ECF No. 1-3 at Requests 1 & 2. Requests 4 and 5 are narrower seeking the same information for only November 23, 2020. *See*

ECF No. 1-3 at Requests 4 & 5. On June 7, 2023, Ms. Duguid, through counsel, offered to stipulate to KPM that she was the subscriber from November 17, 2020 through November 24, 2020, based on Charter's notice to her. Ms. Duguid also stipulated to the address of her Charter services. This responds fully to these four requests and moots KPM's requests.

Indeed, KPM's emergency motion to compel stated: "KPM needs the information sought in the subpoena because it will **identify the physical address** in Connecticut corresponding to the IP address provided by the USPTO." *See* ECF No. 1-1 at 3 (emphasis added). KPM already has, via the stipulation, the physical address corresponding with the IP address during the timeframe KPM desires. KPM has no basis to seek additional personal information beyond that which Ms. Duguid already provided but refused to withdraw this action. Any additional production would risk disclosing her highly confidential, and entirely irrelevant, information, such as her social security number or payment information (bank account and routing number, credit card number, and/or debit card numbers).

        **B.**        **KPM's Additional Subpoena Topics 3 & 6 are not relevant and overbroad.**

KPM's subpoena also seeks irrelevant "device information" during the same timeframe. *See* ECF No. 1-3 at Requests 3 & 6. KPM has failed to establish any relevance for such requests. As described by KPM, the subpoena is allegedly relevant because the USPTO produced documentation showed an "IP address." But, KPM does not allege, nor could it, that the USPTO provided any specific device information. Indeed, KPM's brief identifies a limited need for this information: to identify the "physical address corresponding to the IP address." *See* ECF No. 1-1 at 3. But Ms. Duguid has already provided that offer via stipulation. Any device information is wholly irrelevant to KPM's alleged need for a physical address.

Disclosure of such information would also risk substantial harm to Ms. Duguid's privacy by disclosing all the devices utilizing her internet network. KPM's Requests 3 & 6 are therefore

overbroad by seeking all devices that are personal to Ms. Duguid that could have no possible connection to the underlying litigation. As drafted, KPM's requests would include such irrelevant devices as Wi-Fi-connected televisions, smart thermostats, or other smart appliances, which would pose a severe risk of harm to Ms. Duguid's personal information and privacy. Such disclosure would increase the risk of phishing or other harmful attacks seeking to obtain Ms. Duguid's private confidential information. Disclosure of device information is not relevant nor justified under these circumstances.

### III.  CONCLUSION

For the foregoing reasons, KPM's subpoena is moot, irrelevant, or overbroad. Ms. Duguid could have filed these objections anonymously to preserve her identity. Instead, she was extremely forthcoming with KPM offering a stipulation to resolve this subpoena. Nevertheless, KPM continues pursuit of this subpoena unduly burdening a non-party to this litigation.

Date: June 9, 2023

Respectfully submitted,

*/s/ Stephen F.W. Ball, Jr.*
Stephen F.W. Ball, Jr. (CT Bar No. 431236)
HUSCH BLACKWELL LLP
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: 617-598-6700
Fax: 617-720-5092
Stephen.Ball@huschblackwell.com

*Attorney for Plaintiff IEP Technologies, LLC and Debra Duguid*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June 2023, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Court's Electronic Filing System upon all counsel of record.

<u>/s/ Stephen F.W. Ball, Jr.</u>