UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| *In re Subpoena to*<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>   *Respondent,*<br><br>   v.<br><br>KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,<br><br>   *Movants.* | Civil Case No. 3:23-mc-51-SVN<br>_____ |
| IEP TECHNOLOGIES, LLC,<br><br>   *Plaintiff / Counter-Defendant,*<br><br>   v.<br><br>KPM ANALYTICS, *et al.*,<br><br>   *Defendants / Counter-Claimants.* | Civil Action No.<br>1:21-cv-10417-RWZ<br>(D. Mass.) |

**RESPONSE TO OBJECTION TO ORDER ON MOTION TO COMPEL PRODUCTION**

The Court should overrule Non-Party Debra Duguid's ("Duguid") Objection to its Order on Emergency Motion to Compel Production in Response to Foreign Subpoena (the "Order"). Doc. No. 5. Duguid – a non-party who has not been served with a subpoena – has not identified any compelling reason to deny KPM Analytics, Incorporated and KPM Analytics North America Corporation (collectively, "KPM") the documents they are entitled to receive from the actual subpoena recipient – Charter Communications, Inc. ("Charter") – pursuant to Rules 26, 34, and 45.

KPM served the subpoena in question on Charter on April 27, 2023 (the "Subpoena"), seeking six (6) categories of documents relating to a specific IP address KPM alleges is associated with a forged declaration submitted to the U.S. Patent & Trademark Office ("USPTO") and related to the underlying trademark infringement litigation in the District of Massachusetts. The ultimate identity of the alleged forger is highly relevant to that case because it bears on the validity of a trademark alleged to be infringed in the Massachusetts case. *See e.g., IEP Technologies, LLC v. KPM Analytics, et al.*, No. 1:21-cv-10417-RWZ, Doc. 38, Defendants' Amended Answer and Counterclaims, ¶¶ 28-75.

Charter refused to produce documents unless ordered to do so by the Court. Therefore, KPM filed this miscellaneous action on May 23, 2023 seeking to compel Charter to produce responsive documents. Doc. No. 1. On May 25, 2023, KPM and Charter stipulated (Doc. No. 4) to entry of the Court's Order, which required Charter to produce responsive documents, but allowed the relevant subscriber to object.

On June 7, 2023, Duguid's counsel – who, notably, is also counsel to the Plaintiffs/Counterclaim-Defendants in the underlying litigation – emailed KPM's counsel and stated that Charter had notified Duguid that she was the subscriber who used the IP address referenced in the Subpoena during the relevant eight-day time period and provided her physical address at that time. Duguid's Counsel then unilaterally asserted that KPM's subpoena to Charter was "moot" and asked KPM to withdraw its Motion and this action. KPM refused because KPM is entitled to receive, and use at trial, actual business records responsive to the Subpoena, and is not required to accept counsel's proposed "stipulation" in lieu of such evidence. Duguid filed her Objection on June 9, 2023. Doc. No. 7.

Duguid's objection asserts (1) that four of KPM's requests in the Subpoena are now moot; and (2) that two other categories are irrelevant and overbroad. Neither of these arguments warrants denying KPM access to these properly discoverable materials, and the Objection should, therefore, be overruled.

First, KPM is entitled to actual documents from Charter that relate to the specific IP address that KPM alleges was used to forge the trademark declaration in question, which was submitted to the USPTO and contains additional allegedly false assertions that are relevant in the underlying litigation. The USPTO has already, in response to a subpoena for documents, confirmed that the allegedly forged trademark declaration was electronically signed from the specific IP address included in the subpoena to Charter. *See IEP Technologies, LLC v. KPM Analytics, et al.*, No. *1:21*-cv-10417-RWZ, Doc. 110 at § 1.2.  KPM needs responsive documents here so that it can evaluate them and use them to prepare and present its case at trial. Such documents will inform the issue of the allegedly forged trademark declaration, which relates to KPM's counterclaim to cancel the trademark asserted against it. Rules 26, 34, and 45 do not require a party to federal litigation to accept a stipulation drafted by opposing counsel in lieu of the actual subpoenaed documents that may later be used as evidence. Duguid does not cite any Rule, statute, or case that would so limit KPM's discovery rights.

Duguid also argues that the responsive documents in Charter's possession ***may*** contain personal information, like social security numbers, bank account numbers, or similar information. First, Charter never indicated that any such information was actually implicated in responsive documents. However, even if it were, KPM supplied Charter with the Protective Order entered by the Court in the underlying case that permits third parties to produce information with necessary protections. See Doc. 1-3 at ECF pp. 13-29 (Stipulated Protective Order, Doc. 18 in underlying

3

case). Stated another way, there are already appropriate safeguards in place to protect *any* confidential information.

Moreover, Duguid's counsel never raised this issue with KPM's counsel (and cites nothing indicating otherwise). Had they done so, KPM would of course have agreed that social security numbers, bank account numbers, credit card numbers, and other irrelevant sensitive information could be partially redacted, leaving the last four digits unredacted—again, under the Stipulated Confidentiality Order entered by the Court in the underlying case—in the event needed for authentication or verification purposes. Duguid cannot now fairly use such an argument to deny KPM the production in its entirety.

Second, Duguid asserts that two other requests, seeking "device information" are overbroad and irrelevant. As an initial matter, Duguid claims to have standing here despite not being served with the relevant Subpoena because her personal information is implicated. Even if that were true, that does not entitle her to lodge general objections based on *Charter's* burden and relevance to the underlying litigation. Charter has not asserted any such objections, and Duguid is not in a position to do so.

Further, the requests seeking "device information" are proper because, again, KPM is entitled to actual documents that are within the scope of Rule 26, which it can use to craft its case and potentially present at trial. It is not required to accept a limited stipulation crafted by opposing counsel. Moreover, the requests for "device information" are already highly targeted in the Subpoena, as they are limited only to "the number and types of devices connected to the Charter Communications, Inc. network via the specified IP address and their unique identifiers and/or device identification numbers." Doc. 1-3 at ECF p. 9. Duguid makes no connection between the

disclosure of just the "number and types of devices," via their unique identifiers/identification numbers, and her sensitive personal information or privacy.

Additionally, such device information is highly relevant in the Massachusetts litigation because, as described above, the underlying issue pertains to the alleged forgery of a declaration submitted to the USPTO, which the USPTO has indicated came from the relevant IP address. In the Massachusetts action, Plaintiff denies KPM's claims of forgery. *See IEP Technologies, LLC v. KPM Analytics, et al., No. 1:21*-cv-10417-RWZ, Doc. 40, Plaintiff's Answer to Counterclaims, ¶¶ 28-75. Thus, for completeness, KPM needs such device information associated with the IP address for the eight days in question (Nov. 17-24, 2020) to identify all devices that could possibly relate to Plaintiff's denial, eliminate all others, and determine whether multiple devices may have been used in conjunction in connection with the forgery.

Finally, Duguid again claims that her privacy interests are at risk if Charter discloses "such irrelevant devices as Wi-Fi-connected televisions, smart thermostats, or other smart appliances." Objection, Doc. No. 7, at p. 4. Duguid does not identify in this section of her Objection traditional types of sensitive information that are at risk from the disclosure of the "number and types of devices connected to the Charter Communications Inc. network via the specified IP address." Plus, it is not clear why or how the *existence* of a television, thermostat, or other similar appliance would endanger Ms. Duguid's privacy, especially when disclosure of such existence (by disclosing the number and type only) would still be subject to designation as "Highly Confidential—Attorney's Eyes Only" under the Court's underlying Protective Order.

But, again, as stated above, Duguid's counsel never raised this issue with KPM's counsel. KPM's counsel would have been willing to consider reasonable accommodations for such

5

information, but Duguid cannot now use this argument to prevent production of otherwise discoverable information.

## Conclusion

For the foregoing reasons, KPM respectfully requests that the Court overrule Duguid's Objection, and direct Charter to produce responsive documents as instructed in the Court's prior Order (Doc. No. 5).

    Respectfully submitted,

    KPM ANALYTICS, INCORPORATED F/K/A STATERA ANALYTICS, INCORPORATED AND KPM ANALYTICS NORTH AMERICA CORPORATION F/K/A PROCESS SENSORS CORPORATION,

    By their attorneys,

    */s/ Aaron D. Rosenberg*
    Aaron D. Rosenberg (ct29518)
    SHEEHAN PHINNEY BASS & GREEN, PA
    28 State Street, 22nd Floor
    Boston, MA 02109
    (617) 897-5600
    arosenberg@sheehan.com

    Charles M. Landrum, III
    (motion for *pro hac vice* admission to be filed)
    *c.landrum@thip.law*
    THOMAS | HORSTEMEYER LLP
    3200 Windy Hill Rd SE Suite 1600E
    Atlanta, Georgia 30339
    Telephone: 770.933.9500
    Facsimile: 770.951.0933

Dated: June 13, 2023

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 13, 2023, the foregoing document was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record. I further served the foregoing document by email on counsel to all parties.

                    */s/ Aaron D. Rosenberg*
                    Aaron D. Rosenberg